```
                     UNITED STATES DISTRICT COURT

                          DISTRICT OF HAWAII

WILMINGTON SAVINGS FUND SOCIETY,   CIV. NO. 24-00070 LEK-RT
FSB, DBA CHRISTIANA TRUST, NOT
IN BUT SOLELY AS TRUSTEE FOR SC
PARK LANE 2 TRUST 2019-1,

              Plaintiff,

     vs.

PAUL WALLACE, et al.

              Defendants.
```

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REMAND AND REMOVAL-RELATED ATTORNEYS' FEES AND COSTS**

On March 4, 2024, Plaintiff Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity but solely as Trustee for SC Park Lane II Trust 2019-1 ("Plaintiff") filed its Motion to Remand ("Motion"). [Dkt. no. 11.] Pro se Defendant Paul Wallace ("Wallace") removed the action to this district court on February 14, 2024. [Notice of Removal of a Civil Case, filed 2/14/2024 (dkt. no. 1) ("Notice of Removal").] At this Court's direction,[1] Wallace filed his Supplemental Statement in Support

---

[1] On February 21, 2024, this Court issued an entering order directing Wallace to file a supplement to the Notice of Removal identifying the document he contends rendered the case removable. [Minute Order – EO: Court Order Directing Defendant to Supplement the Notice of Removal of a Civil Case, etc., filed 2/21/24 (dkt. no. 8) ("2/21 EO"), at PageID.93.]

of Removal to Article III Federal Circuit Court ("Supplemental Statement") on March 6, 2024. [Dkt. no. 16.] Plaintiff filed a Reply Memorandum in Support of Its Motion to Remand, Filed March 4, 2024 ("Reply") on May 2, 2024. [Dkt. no. 23.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). For the reasons set forth below, Plaintiff's Motion is hereby granted insofar as the case is remanded to the state court, and the Motion is denied as to Plaintiff's request for removal-related attorney's fees and costs.

## BACKGROUND

Plaintiff's predecessor Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BANA") filed its Complaint for Foreclosure ("Complaint") on February 29, 2012 in the State of Hawai`i Circuit Court of the third Circuit ("state circuit court"). [Motion, Declaration of Counsel ("Prather Decl."), Exh. 1 (Complaint).] 1900 Capital Trust II, by U.S. Bank National Association, not in its individual capacity but solely as Certificate Trustee ("Capital Trust") filed the First Amended Complaint for Foreclosure ("Amended Complaint") on June 12, 2020. [Id., Exh. 4 (Amended Complaint).] On May 3, 2022, the state court issued an Order Granting Plaintiff's

2

Motion for an Order Substituting Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Trustee for SC Park Lane II Trust 2019-1 as Plaintiff and Amending the Case Caption. [Id., Exh. 8.]

The Amended Complaint alleges: Wallace is the owner of real property located at 15-1977 32nd Avenue, Kea`au, Hawai`i 96749 ("Property") in fee as a tenant in severalty, and on or about September 12, 2005, Wallace for value received, duly made, executed, and delivered to Countrywide Home Loans Inc. ("Countrywide"), a promissory note ("Note") in the amount of $212,000.00. [Id. at ¶ 7.] Wallace duly made, executed, and delivered to Mortgage Electronic Registration Systems, Inc., solely as Countrywide's nominee, a mortgage ("Mortgage") recorded on September 30, 2005 in the Land Court. [Id. at ¶ 8.] Countrywide's interest in the Mortgage was assigned to BANA, and the assignment was recorded in the Land Court on December 7, 2009. [Id. at ¶ 9.]

BANA alleged that Wallace failed to make scheduled payments of principal and/or interest constituting a default under the repayment terms of the Note and Mortgage. Written notice was given to Wallace concerning the default and plaintiff's intention to foreclose the mortgage if the default was not cured. [Id. at ¶ 17.] Wallace failed to cure the default and plaintiff exercised its option to accelerate the loan and

3

declare the principal balance, together with interest and all other charges, immediately due and payable in the amount of $202,059.87. [Id. at ¶¶ 17-18.]

Default was entered against Wallace as to BANA's Complaint on July 23, 2013, for failure to file an answer or other pleading. [Prather Decl., Exh. 2 (Entry of Default Against Defendant Paul Wallace).] On May 31, 2018, the state court entered a Stipulation and Order Setting Aside Entry of Default Against Defendant Paul Wallace Entered July 23, 2013. [Id., Exh. 3.]

The interest in the Mortgage was then assigned to Green Tea Servicing LLC, and the assignment was recorded in the Land Court on November 13, 2014. [Id., Exh. 4 (Amended Complaint) at ¶ 11.] The interest was later assigned to PROF-2013-S3 Legal Title Trust IV, by U.S. Bank National Association, and the assignment was recorded in the Land Court on May 24, 2017. [Id. at ¶ 13.] The Mortgage was then assigned to Plaintiff's immediate predecessor, Capital Trust. [Id. at ¶ 14.]

The Amended Complaint seeks, *inter alia*, a judgment, pursuant to the terms of the Note and Mortgage, that there is due and owing to Plaintiff a certain sum of money, and that such sum of money, including all advances, costs, expenses, and attorneys' fees, be declared a valid judgement against Wallace and a lien upon the Property. [Id. at pgs. 5-6.] Wallace filed a

4

motion to dismiss the Amended Complaint on October 17, 2020, and the motion was denied on October 22, 2021. [Prather Decl., Exh. 5 (motion to dismiss); id., Exh. 6 (order denying the motion to dismiss).]

Wallace removed this action based on federal-question jurisdiction, pursuant to Title 28 United States Code Section 1331, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), Title 15 United States Code Sections 1692(e), 1692(f), and 1692(g). See Notice of Removal at pg. 1. Although this Court directed Wallace to do so, see 2/21 EO at PageID.93, Wallace failed to identify a specific document filed in the state court that rendered this case removable. See generally Supplemental Statement. Wallace argues he recently discovered that, based on Bank of America, N.A. v. Reyes-Toledo, 139 Hawai`i 361, 390 P.3d 1248 (2017), and U.S. Bank N.A. v. Mattos, 140 Hawai`i 26, 28, 398 P.3d 615, 617 (2017), Plaintiff lacks standing to bring this case. See id. at 3-4. In the alternative, Wallace's Supplemental Statement appears to assert grounds for jurisdiction based on diversity of citizenship under the United States Constitution Article III, Section Two. See id. at 16-17. Wallace's Supplemental Statement references seven additional exhibits in support of his argument, but none were filed. See id.

In the instant Motion, Plaintiff argues the case should be remanded to the state court because: 1) Wallace's removal is untimely under Title 28 United States Code Section 1446(b); 2) Wallace's request for removal is barred by the "Forum Defendant" Rule; and 3) federal-question jurisdiction does not exist under the FDCPA because Plaintiff's Amended Complaint only states a claim under state law. [Motion, Mem. in Supp. at 4-7.]

**STANDARD**

Title 28 United States Code Section 1441(a) states

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the Unites States for the district and division embracing the place where such action is pending.

District courts have original jurisdiction over civil actions in two instances: 1) where a federal question is presented in an action arising under the Constitution, federal law, or treaty; or 2) where diversity of citizenship and amount in controversy requirements are met. 28 U.S.C §§ 1331, 1332. In relevant part, "[j]urisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." Matheson v. Progressive

Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

> "Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008)). Thus, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006)) (alterations in original). . . .

1001 Queen, LLC v. R2 & V3 Mgmt. Grp. LLC, CIV. NO. 23-00128 LEK-WRP, 2023 WL 6311449, at *2 (D. Hawai`i Sept. 28, 2023) (alterations in 1001 Queen) (some citations omitted).

"The presence or absence of federal-question is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citation omitted).

If a case is not initially removable, the defendant may file a notice of removal within thirty days of receiving a copy of an amended pleading or other paper form from which the defendant first ascertains that the case has become removable.

7

See 28 U.S.C. § 1446(b)(3). However, where federal jurisdiction is based on diversity, the case may not be removed "more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

The bad faith exception to the one-year limit was added in 2011 "to prevent plaintiffs from joining non-diverse parties to actions solely to prevent a defendant from removing to federal court." Heacock v. Rolling Frito-Lay sales, LP, CASE NO. C16-0829-JCC, 2016 WL 4009849, at *2 (W.D. Wash. July 27, 2016) (citing H.R. Rep. No. 112-10, at 15 (2011); Heller v. Am States Ins. Co., 2016 WL 1170891, at *2 (C.D. Cal. Mar. 25, 2016)).

**DISCUSSION**

I. **Diversity Jurisdiction**

The United States District Courts have original jurisdiction over civil actions between "citizens of different States," if the amount "in controversy exceeds the sum of value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a)(1). Wallace asserts that Plaintiff is a Delaware corporation, and Wallace is a citizen of the State of Hawai`i being domiciled in the same. [Supplemental Statement at 2.] Plaintiff has not identified any evidence disputing these

8

representations, and this Court concludes, for purposes of the instant Motion, that complete diversity exists. See Demarest v. HSBC Bank USA, N.A., 920 F.3d 1223, 1226 (9th Cir. 2019) (stating § 1332(a) "requires 'complete diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant'" (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996))).

Plaintiff's Amended Complaint alleges Wallace owes $202,059.87 in principal balance, together with interest and all other charges pursuant to the terms of the Note and Mortgage. [Prather Decl., Exh. 4 at ¶ 18.] Because the Complaint seeks recovery of $202,069.87, in addition to attorneys' fees and costs, this Court finds that the amount in controversy exceeds the $75,000.00 required for diversity jurisdiction under Section 1332(a).

Plaintiff argues Wallace's Notice of Removal is untimely according to Title 28 United States Code Section 1446(b)(1), which states:

> The notice of a removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been

> filed in court and is not required to be served on the defendant, whichever period is shorter.

According to Plaintiff, Wallace received the Amended Complaint no later than October 17, 2020. [Motion, Mem. in Supp. at 5.] Wallace's Notice of Removal was filed on February 14, 2024, more than three years later. Subject to an exception inapplicable here, Section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Wallace did not provide this Court with any such document listed above that would render this matter removable under Section 1332.

Wallace makes no argument that Plaintiff has acted in bad faith to prevent removal of this matter under Section 1332. See generally Notice of Removal; Supplemental Statement. Absent a showing of bad faith by Plaintiff to prevent removal, Wallace's removal of this action more than three years after the commencement of this action is untimely under Title 28 United States Code Section 1446(c)(1).

Title 28 United States Code Section 1441(b)(2) states: "A civil action otherwise removable solely on the basis of the

jurisdiction under section 1332 of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Section 1441(b)(2) is known as the "Forum Defendant Rule." See, e.g., Casola v. Dexcom, Inc., 98 F.4th 947, 950 (9th Cir. 2024). Under the Forum Defendant Rule, removal of this matter is improper because Wallace is a citizen of Hawai`i. See id.

This Court therefore concludes that removal based on diversity jurisdiction is improper because Wallace's Notice of Removal was untimely, Wallace has failed to make a showing of bad faith by Plaintiff, and removal is barred by the Forum Defendant Rule.

## II. Federal-Question Jurisdiction

Title 28 United States Code Section 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule provides that "'[a] case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Cook Inlet Region, Inc. v. Rude, 690 F.3d 1127, 1130 (9th Cir. 2012) (quoting Empire

11

Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006)); see also Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) ("Generally, 'the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" (brackets and some internal quotation marks omitted) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987))).

In asserting federal-question jurisdiction, Wallace alleges that Plaintiff violated the FDCPA because the Note is undated, and Plaintiff therefore lacks standing to enforce the Note and accompanying Mortgage. [Notice of Removal at pgs. 2-3; Supplemental Statement at 6.] However, the Ninth Circuit has recognized that the presence of a federal defense (or a federal issue raised in responding to a defense) "has no bearing on Plaintiffs' ability to vindicate a **federal** right and it does not constitute an essential element of Plaintiff's well-pleaded complaint. The existence of a federal defense does not transform purely state-law claims into 'federally created cause[s] of action." Getz v. Boeing Co., 654 F.3d 852, 860 (9th Cir. 2011) (alteration and emphasis in original) (citations omitted); see also Cal. Shock Trauma Air Rescue v. State Compensation Ins.

12

Fund, 636 F.3d 538, 541 (9th Cir. 2011) (holding there was no basis for federal question jurisdiction because the federal issue involved was "merely a potential response to a defense"). Because Wallace raises the alleged violations of the FDCPA as a defense, and Plaintiff's Amended Complaint prays for relief solely under a Hawai`i state law foreclosure claim, making no claims arising under federal law on the face of the Amended Complaint, this Court therefore concludes that federal-question jurisdiction in this matter does not exist.

### III. Request for Removal-Related Expenses

Plaintiff argues it is entitled to an award of attorneys' fees and costs incurred due to removal because Wallace's removal of the action was objectively unreasonable. [Motion, Mem. in Supp. at 6.] Title 28 United States Code Section 1447(c) states: "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." The United States Supreme Court has stated:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. See, e.g., Hornbuckle [v. State Farm Lloyds], 385 F.3d [538,] 541 [(CA5 2004)]; Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (CA5 2000).

13

Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (alterations in Martin).

"District courts 'retain discretion to consider whether unusual circumstances' are present to justify awarding fees and costs under section 1447(c)." Pinto v. Visconti, Case No. CV-23-6078-DMG (KKx), 2023 WL 7308326, at *2 (C.D. Cal. Oct. 10, 2023) (quoting Martin, 546 U.S. at 141). Although Plaintiff has arguably identified valid reasons why Wallace did not have an "objectively reasonable basis" for removal, this Court exercises its discretion to deny the request for fees and costs at this time, in light of the fact that Wallace is proceeding pro se and in consideration of the circumstances of the long-standing history of this matter. Instead, this Court cautions Wallace that any further attempts to remove an action to federal court under similar circumstances may result in the imposition of sanctions, including the imposition of removal-related fees and costs.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Remand, filed March 3, 2024, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as the instant case is REMANDED to the state court, and the Motion is DENIED as to Plaintiff's request for an award of removal-related attorney's fees costs.

The Clerk's Office is DIRECTED to effectuate the remands on **July 15, 2024,** unless a timely motion for reconsideration of this Order is filed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 28, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**WILMINGTON SAVINGS FUND SOCIETY, FSB, DBA CHRISTIANA TRUST, NOT IN BUT SOLELY AS TRUSTEE FOR SC PARK LANE 2 TRUST 2019-1 VS. PAUL WALLACE, ET AL.; CV 24-00070 LEK-RT; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REMAND AND REMOVAL-RELATED ATTORNEYS' FEES AND COSTS**

15