```
              UNITED STATES DISTRICT COURT

                    DISTRICT OF HAWAII
```

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, DBA CHRISTIANA TRUST, NOT IN BUT SOLELY AS TRUSTEE FOR SC PARK LANE 2 TRUST 2019-1,<br><br>          Plaintiff,<br><br>     vs.<br><br>PAUL WALLACE, et al.<br><br>          Defendants. | CIV. NO. 24-00070 LEK-RT |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REMAND AND REMOVAL-RELATED ATTORNEYS' FEES AND COSTS**

On June 28, 2024, the Order Granting in Part and Denying in Part Plaintiff's Motion for Remand and Removal-Related Attorneys' Fees and Costs ("6/28 Order") was filed. [Dkt. no. 27.[1]] On July 15, 2024, pro se Defendant Paul Wallace ("Wallace") filed his Motion for Reconsideration and to Stay this Case ("Motion for Reconsideration"). [Dkt. no. 31.] The Motion for Reconsideration is suitable for disposition without a hearing and without further briefing. See Local Rule LR7.1(d); Local Rule LR60.1. Wallace's Motion for Reconsideration is hereby denied for the reasons set forth below.

---

[1] The 6/28 Order is also available at 2024 WL 3234038.

## BACKGROUND

The factual and procedural background of this case is set forth in the 6/28 Order and will not be repeated here. In the 6/28 Order, this Court concluded that Wallace's Notice of Removal of a Civil Case ("Notice of Removal"), [filed 2/14/24 (dkt. no. 1),] was defective because removal was untimely, removal is barred by the forum defendant rule, Wallace's allegations of bad faith were unsupported, and there is no federal question presented in the First Amended Complaint for Foreclosure ("Amended Complaint"). 6/28 Order at 11, 13; see also Motion to Remand, filed 3/4/24 (dkt. no. 11), Declaration of Counsel, Exh. 4.

This Court must liberally construe Wallace's filings because he is proceeding pro se. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Liberally construing the Motion for Reconsideration, Wallace primarily argues: 1) Plaintiff Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity but solely as Trustee for SC Park Lane II Trust 2019-1 ("Plaintiff") engaged in fraud; 2) this Court did not receive exhibits cited by Wallace in his Supplemental Statement, and thus they should be considered as new evidence warranting removal. Wallace also requests an extension of time to supplement the Motion for Reconsideration and consult with counsel.

2

**STANDARD**

Motions seeking reconsideration of orders denying remand are reviewed pursuant to Local Rule 60.1. See, e.g., Greenspon v. AIG Specialty Ins. Co., Case No. 18-cv-00448-DKW-WRP, 2019 WL 2089980, at *1-2 (D. Hawai`i May 13, 2019); Zyda v. Four Seasons Hotels & Resorts, CIVIL 16-00591 LEK, 2017 WL 2829596, at *1-2 (D. Hawai`i June 30, 2017). However, this Court has stated:

> An order remanding a case to state court is considered a dispositive, *i.e.* final, order. See, e.g., Estate of Tungpalan v. Crown Equip. Corp., Civil No. 11-00581 LEK-BMK, 2013 WL 2897777, at *5-6 (D. Hawai`i June 12, 2013) (considering a party's objections to the magistrate judge's recommendation to remand the case as a dispositive matter). "When a ruling has resulted in a final judgment or order . . . a motion for reconsideration may be construed as either a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under [Federal] Rule [of Civil Procedure] 60(b)." Grandinetti v. Sells, CIV. NO. 16-00517 DKW/RLP, 2016 WL 6634868, at *1 (D. Hawai`i Nov. 8, 2016) (citing Sch. Dist. No. 1J Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). . . .

Bank of Am., N.A. v. Goldberg, CIV. NO. 19-00076 LEK-KJM, 2019 WL 2374870, at *1 (D. Hawai`i June 5, 2019) (some alterations in Goldberg).

Because no judgment has been entered in this case, Wallace's Motion for Reconsideration will not be considered under Rule 59(e). Rule 60(b) states, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1)   mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4)   the judgment is void;
> >
> > (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6)   any other reason that justifies relief.

Based on the arguments in the Motion for Reconsideration, Wallace primarily relies upon the "mistake" provision of (1) or the catchall (6) provision. "[R]elief under Rule 60(b)(6) . . . is appropriate 'to accomplish justice,' but 'only under extraordinary circumstances.'" Greenspon v. AIG Specialty Ins. Co., Case No. 18-cv-00448-DKW-WRP, 2020 WL 3513230, at *3 (D. Hawai`i June 29, 2020) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)).

4

**DISCUSSION**

I.  **Wallace's Procedural Requests**

At the outset, this Court addresses Wallace's request for an extension of time to file a supplement the Motion for Reconsideration. Wallace argues that he needs additional time to consult with counsel, and he asks that this case be stayed until he has the opportunity to do so. [Motion for Reconsideration at 2.] However, Wallace is not represented by counsel in this case, and based on the recent filings in the state court action that Wallace attempted to remove, it appears that has not been represented by counsel for some time. See, e.g., Wilmington Savings, Fund Soc'y, FSB v. Paul Wallace et al., Civil No. 3CC121000100 (Hawai`i 3d Cir. Ct.), Motion to Set Aside and Vacate Sale, Summary Judgment, and Void All of Judges Rulings Due to Fraud upon the Court, and Declare this Case Null and Void, filed 2/14/24 (dkt. no. 306). Additionally, Wallace cites problems receiving filings in this case. [Motion for Reconsideration at 2.] The docket does indicate the Clerk's Office mailing of the remand order was returned as undeliverable. [Dkt. nos. 29, 33.] However, Wallace ultimately did receive the 6/28 Order and filed the instant Motion for Reconsideration. Therefore, to the extent that Wallace argues he needs additional time to respond to the 6/28 Order, based on this Court's review of the arguments raised in the Motion for

5

Reconsideration, additional time would be futile, and his request is denied.

## II. New Evidence

Wallace first asserts that the 6/28 Order should be reconsidered because this Court did not receive any of the exhibits cited in Defendant's Supplemental Statement in Support of Removal to Article III Federal Circuit Court ("Supplemental Statement"), [filed 3/6/24 (dkt. no. 16)]. See Motion for Reconsideration at 5. Wallace now includes those exhibits in his Motion for Reconsideration and argues they should be considered as new evidence under Federal Rule of Civil Procedure 60(b)(2). Of the eight exhibits cited in the Supplemental Statement, this Court only received Exhibit D. See Supplemental Statement at PageID.230-31.

Although Wallace is proceeding pro se, it is his responsibility to ensure that all of his submitted filings are received and properly docketed by the Clerk's Office. Cf. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants." (citation omitted)).[2] However, even accepting the Wallace's representations that he submitted the exhibits with

---

[2] King was overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896, 925, 928 (9th Cir. 2012) (en banc). See, e.g., Sasaki v. Inch, Case No. 18-cv-00270-DKW-KJM, 2019 WL 923880, at *3 (D. Hawai`i Feb. 25, 2019).

6

the Supplemental Statement and that the exhibits were not received due to an error by this district court, the exhibits Wallace now attaches to the Motion for Reconsideration do not constitute "evidence that, with reasonable diligence, could not have been discovered" before this Court issued the 6/28 Order. See Fed. R. Civ. P. 60(b)(2). However, this Court will consider the exhibits under Federal Rule of Civil Procedure 60(a), which states: "The court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Even if this Court had considered the additional exhibits in ruling on the Motion to Remand, the exhibits would not have altered the rulings in the 6/28 because the exhibits do not address the basis for remand, *i.e.* untimely removal, the forum-defendant rule, and the lack of federal question jurisdiction. To the extent that Wallace seeks reconsideration based on allegedly new evidence, his Motion for Reconsideration is denied.

### III. **Wallace's Disagreement with the 6/28 Order**

Wallace argues for reconsideration on grounds virtually identical to the arguments he raised in the Notice of Removal and Supplemental Statement. See generally Notice of Removal; Supplemental Statement. For example, Wallace argued that Plaintiff lacked standing to bring this action, and Wallace was denied a jury trial in the state proceedings in violation of

7

his civil rights. Compare Notice of Removal at 2-3, and Supplemental Statement at 13-14, with Motion for Reconsideration at 4-5, 12. This Court considered these arguments and rejected them in the 6/28 Order. Wallace merely disagrees with this Court's rulings, and a party's disagreement with a court's order does not constitute either a mistake for purposes of Rule 60(b)(1) or extraordinary circumstances warranting Rule 60(b)(6) relief. See, e.g., Greenspon, 2020 WL 3513230, at *2 (concluding that the plaintiff's disagreement with the ruling on his prior arguments did not constitute a mistake for purposes of Rule 60(b)(1) (citing Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991); Stephens v. Cty. of Haw. Police Dep't, 584 F. App'x 506, 507 (Mem) (9th Cir. Aug. 14, 2014)); id. at *3 ("Disagreement is . . . not an extraordinary circumstance." (citing Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007))). Wallace's Motion for Reconsideration does not present any ground which suggests that the rulings in the 6/28 Order were erroneous. The Motion for Reconsideration is denied to the extent that Wallace merely disagrees with the rulings in the 6/28 Order.

## CONCLUSION

On the basis of the foregoing, Wallace's Motion for Reconsideration and to Stay this Case, filed July 15, 2024 is

HEREBY DENIED in its entirety. The Clerk's Office is DIRECTED to effectuate the remand immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 20, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**WILMINGTON SAVINGS FUND SOCIETY, FSB, DBA CHRISTIANA TRUST, NOT IN BUT SOLELY AS TRUSTEE FOR SC PARK LANE 2 TRUST 2019-1 VS. PAUL WALLACE, ET AL.; CV 24-00070 LEK-RT; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REMAND AND REMOVAL-RELATED ATTORNEYS' FEES AND COSTS**